IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDDIE SYLVESTER STEELE,<br><br>Defendant. | CRIMINAL CASE NO.<br>1:14-CR-147-WBH-LTW |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

Pending before this Court are various motions brought by Defendant and the Government. (Docs. 65, 71, 87, 93). For the reasons outlined below, this Court concludes as follows:

(1) The Government's Motion for Hearing on Admissibility of Evidence at Trial of Crimes, Wrongs, and Other Acts Under Federal Rule of Evidence 404(b) should be **GRANTED**. (Doc. 65).

(2) Defendant's Motion to Dismiss Indictment With Prejudice should be **DENIED**. (Doc. 71).

(3) Defendant's Motion to Dismiss Count II should be **DENIED**. (Doc. 87).

(4) Defendant's Motion to Return to North Carolina is **DENIED**. (Doc. 93).

### THE GOVERNMENT'S MOTION FOR HEARING ON ADMISSIBILITY OF EVIDENCE AT TRIAL OF CRIMES, WRONGS, AND OTHER ACTS UNDER FEDERAL RULE OF EVIDENCE 404(b)

In the Government's Motion for Hearing on Admissibility of Evidence at Trial of

Crimes, Wrongs, and Other Acts Under Federal Rule of Evidence 404(b), the Government contends that it should be permitted to present evidence of three separate bad acts: (1) evidence that on or around March 31, 2004, Defendant was convicted of conspiracy to commit common law robbery in the Superior Court of Union County; (2) evidence that around September 27, 2007, Defendant was convicted in the United States District Court for the Western District of North Carolina of Hobbs Act robbery and possession of a firearm by a convicted felon; and (3) evidence that there are charges pending against Defendant in Mecklenburg County, North Carolina that Defendant on or around December 9, 2013, committed robbery with a dangerous weapon, conspired to commit robbery with a dangerous weapon, and resisted a public officer.  (Doc. 65). The Government subsequently withdrew some of the prior bad acts it seeks to introduce. The Government now states that it only intends to introduce evidence of Defendant's September 27, 2007 conviction for Hobbs Act robbery and the fact that he used and carried a gun during that crime.  (Docs. 77, 85).  The Government states that it does not intend to present evidence of Defendant's September 27, 2007 conviction for possession of a firearm by a convicted felon.  (Docs. 77, at 3).  The Government has also stated in open Court that it only intends to admit facts of the September 27, 2007 convictions as set out in the pre-sentence report.  (Doc. 85).  Defendant has not objected to introduction of evidence based on the facts set out in the pre-sentence report.  (Doc. 85).

At this juncture, this Court cannot conclude that the evidence of the September 27, 2007 conviction for Hobbs Act robbery should be excluded.  The Eleventh Circuit has

2

established a three-part test to determine the admissibility of evidence of other extrinsic crimes, wrongs, or acts under Rule 404(b): (1) the evidence must be relevant to an issue other than defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the probative value of the evidence cannot be substantially outweighed by its unfair prejudice. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). Here, the evidence of the September 27, 2007 Hobbs Act robbery conviction is relevant to an issue other than Defendant's character. Given that the prior conviction is for Hobbs Act robbery, the very same crime with which Defendant is charged in this case, the evidence of the 2007 conviction is relevant to showing Defendant's intent. See Zapata, 139 F.3d at 1358 (explaining that "[w]here the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense"). Clearly, there is sufficient proof so that a jury could find that Defendant committed the 2007 Hobbs Act Robbery because he was convicted for it. Finally, the probative value outweighs the danger of unfair prejudice because there is no indication here that the Government has overwhelming evidence of Defendant's guilt or predisposition to commit the crime. Therefore, this Court **RECOMMENDS** that the Government's Motion be **GRANTED IN PART**. (Doc. 65). Accordingly, it is RECOMMENDED that the evidence set forth in the pre-sentence report indicating that around September 27, 2007, Defendant was convicted in the United States District Court for the Western District of North Carolina of Hobbs Act robbery and used a gun during

3

the commission of that crime be deemed admissible. (Doc. 65).

## MOTION TO DISMISS INDICTMENT WITH PREJUDICE

### I.   BACKGROUND

On April 23, 2013, a federal grand jury entered a two count indictment against Defendant Steele for (1) robbery of cellular telephones and cash belonging to IM Wireless in East Point, Georgia using actual or threatened force, violence, or fear of injury in violation of 18 U.S.C. § 1951(a); and (2) using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 1). Defendant Steele argues in his Motion to Dismiss Indictment with Prejudice, that the Indictment should be dismissed because (1) it does not list the names of the alleged participants in the alleged crime and is thereby prejudicial and in violation of Federal Rule of Criminal Procedure 7(c)(1); (2) Defendant Steele has not been tried within the time periods required by the Speedy Trial Act and the Interstate Agreement on Detainers; (3) Defendant Steele's prior lawyer offered ineffective legal counsel when he did not follow Steele's express instructions concerning the filing of the motions.

### II.   LEGAL ANALYSIS

#### A.   The Indictment Was Sufficient

Defendant Steele argues the Indictment should be dismissed because it does not list the names of the other alleged participants in the robbery and that he is being held responsible for the crimes of others in violation of Federal Rule of Criminal Procedure

4

7(c)(1). Defendant also contends that the Indictment does not contain sufficient information to allow him to prepare his defense. The Government counters that the Indictment complies with Rule 7(c)(1) because it states the elements of the offenses charged and specifies the conduct giving rise to the charges against Defendant. Furthermore, the Government argues that not only is it not required to indicate other individuals involved in the robbery, but also that it cannot do so because the other perpetrators have not been identified.

Federal Rule of Criminal Procedure 12(b) allows a defendant to file a motion alleging a defect in the grand jury indictment. Fed. R. Crim. P. 12(b)(3)(B). Federal Rule of Criminal Procedure 7(c)(1) generally requires that the indictment include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "To avoid dismissal, the charging document must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. McGill, 634 F. App'x 234 (11th Cir. 2015) (citing United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)).

The Indictment complies with the requirements of Rule 7(c)(1). Count One of the Indictment charges Defendant Steele with a violation of 18 U.S.C. § 1951(a). (Doc. 1). Both counts track the language of the charging statute and include the essential facts of the offense charged. (Doc. 1). This Court also is not persuaded by Defendant Steele's argument that the Indictment is insufficient because it does not name the other alleged

participants.  "Absent a discovery order, the [government] has no general obligation to disclose the names of unindicted co-conspirators . . . ."  United States v. Daniels, 135 F. App'x 305, 308 (11th Cir. 2005) (citing United States v. White, 846 F.2d 678, 693 (11th Cir.1988)).  Accordingly, Defendant has not persuaded this Court that the Indictment is insufficient under Rule 7(c)(1).

Defendant also contends that the lack of detail in the Indictment violates his Fifth and Sixth Amendment constitutional rights.  An indictment that contains all of the essential elements of the offense charged "puts the defendant on notice of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution and it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime."  United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).  As noted above, both counts of the Indictment track the language of the charging statute and therefore contain the essential elements of the offense.  The Indictment also was not constitutionally infirm for failing to identify the names of other participants in the robbery.  United States v. Gospidon, 224 F. App'x 940, 941 (11th Cir. 2007); United States v. Middleton, No. 13-0161-WS, 2013 WL 5498268, at *2 (S.D. Ala. Oct. 1, 2013); United States v. Giuseppe Bottiglieri Shipping Co., S.P.A., No. CRIM. 12-0057-WS-C, 2012 WL 1899844, at *3 (S.D. Ala. May 24, 2012) ("More importantly, as a matter of black-letter law, an indictment need not name all members of a conspiracy in order to satisfy minimum constitutional guarantees.").

### B.  **The Speedy Trial Act Was Not Violated**

Defendant further contends that the Indictment should be dismissed because the criminal action against him has not been tried within the required time period in violation of the Speedy Trial Act.  The Government argues in response that Defendant Steele's Speedy Trial rights were not violated because, factoring in excludable periods of delay, seventy days of speedy trial time have not elapsed since the defendant's initial appearance.  The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  Subparagraph (h) of the Speedy Trial Act lists times that can be excluded in computing whether the seventy-day period has accrued.  18 U.S.C. § 3161(h).  Delays resulting from the filing of pretrial motions through the period of their disposition as well as delays attributable to the periods under which such motions are under advisement are excludable.  18 U.S.C. § 3161(h)(1)(D), (H).  Additionally, continuances requested by the parties are excluded in calculating the seventy-day period.  18 U.S.C. § 3161(h)(7).  Here, once the excludable time for the filing and disposition of pretrial motions as well as continuances are accounted for, the case is not even close to exceeding the seventy-day period.  See 18 U.S.C. § 3161(h); United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir. 1991).

### C.  **The Interstate Agreement on Detainers Act Was Not Violated**

7

Defendant further contends that the Indictment should be dismissed because he has not been tried within the time prescribed by the Interstate Agreement on Detainers Act, 18 U.S.C., app. 2 ("IADA"). The Government responds that the IADA has not been violated because (1) IADA does not apply to a writ of habeas corpus ad prosequendum and (2) Defendant Steele was not detained and was not serving a prison sentence at the time that he was taken into custody.

"The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions." 18 U.S.C., app. 2; Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994). Congress enacted the IADA in order to eliminate "problems associated with the transfer of prisoners" incarcerated in one jurisdiction "to another jurisdiction seeking to prosecute him on different or related charges." United States v. Williams, 615 F.2d 585, 588 (3d Cir. 1980). "The basic goal of the Act is to prevent transfers back and forth between competing jurisdictions, its theory being that such transfers undermine the right to a speedy trial and the rehabilitative process of the system in which the prisoner is currently serving a sentence." Id. The IADA permits a signatory jurisdiction to file a detainer to receive temporary custody of a prisoner incarcerated in another jurisdiction and then prosecute the prisoner for outstanding charges. Hunter, 15 F.3d at 1012. Generally, the receiving jurisdiction must try the prisoner within 120 days of his arrival in the jurisdiction or the charges will be dismissed. Hunter, 15 F.3d at 1011.

8

Here, Defendant Steele was brought into federal custody by means of a writ of habeas corpus ad prosequendum and not a detainer.[1] (Doc. 4). "A writ of habeas corpus ad prosequendum is not a detainer for purposes of the [IADA]." United States v. Mauro, 436 U.S. 340, 361 (1978); United States v. Beard, 41 F.3d 1486, 1489 (11th Cir. 1995). "Because a detainer was never filed, the protections of the IADA were never triggered." Beard, 41 F.3d at 1486, citing Mauro, 416 U.S. at 361. Therefore, there was no IADA violation in this case.

### D. Ineffective Legal Assistance Is Not Grounds for Dismissal of the Indictment

Defendant contends that his case should be dismissed because his prior counsel was ineffective. In support, Defendant Steele claims that his prior counsel was ineffective because, for instance, (1) she failed to follow his express instructions concerning the filing of motions; (2) she discussed his case with the Government; and (3) she gave him a copy of the wrong indictment. (Exhibit "I"). The Government responds that ineffective legal counsel, even if proven, is not grounds to dismiss the Indictment.

The Government is correct. First, Defendant does not present any authority for the proposition that ineffective assistance at the pretrial stage is a basis for dismissal of an indictment. Moreover, any such argument is premature. Ineffective assistance of counsel claims in criminal cases can generally be raised only when collaterally attacking

---

[1] Defendant presents no evidence that a detainer was filed in conjunction with the writ of habeas corpus ad prosequendum.

a conviction pursuant to 28 U.S.C.A. § 2255. United States v. Teague, 953 F.2d 1525, 1535, n.11 (11th Cir. 1992) (explaining that ineffective assistance of counsel claims are typically considered only on collateral review); United States v. Schroyer, No. 3:09-CR-127(1), 2012 WL 2917538, at *4 & n.2 (S.D. Ohio July 17, 2012) (finding that defendant's pretrial claim of ineffective assistance of counsel was premature and are better raised in post-conviction collateral proceedings pursuant to 28 U.S.C. § 2255 where the record can be more fully developed). Indeed, such claims require that the Defendant prove that counsel's performance was deficient and that he suffered prejudice as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668 (1984); Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 643 (11th Cir. 2016). Because Defendant's trial has not concluded, Defendant cannot show that he has been prejudiced by counsel's actions. See, e.g., Irwin v. Tennessee, No. 3:12-CV-405, 2012 WL 1569854, at *3 (M.D. Tenn. May 3, 2012) (rejecting argument that counsel was ineffective because it was premature given that there had been no trial on the pending criminal charges and therefore, defendant could not prove that he had been prejudiced by counsel's performance); United States v. Carmichael, 381 F. Supp. 2d 1317, 1322 (M.D. Ala. 2005) (explaining that the Strickland standard is clearly only applicable to post-conviction setting); Carmichael, 372 F. Supp. at 1333 (explaining that defendant's claims that counsel was ineffective during plea negotiations raised prior to trial and prior to sentencing were premature). Furthermore, on May 18, 2015, Defendant Steele filed a Motion to withdraw counsel and on June 5, 2015, this Court appointed new

10

counsel. (Docs. 56, 58). For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Steele's Motion to Dismiss the Indictment be **DENIED**. (Doc. 71).

## MOTION TO DISMISS COUNT II

In Count Two of the Indictment, Defendant is charged with violating 18 U.S.C. § 924(c)(1)(A)(ii) by knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence, that is Hobbs Act robbery as alleged in Count One of the Indictment. Defendant Steele argues Count Two should be dismissed under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure because it "fails to state an offense . . . in light of Johnson v. United States," --- U.S. ---, 135 S. Ct. 2551 (2015). (Doc. 87). In Johnson v. United States, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Criminal Career Act, 18 U.S.C. § 924(e) ("ACCA"), for committing a "violent felony" violates the due process clause because the definition of violent felony is unconstitutionally vague. Under the ACCA, a defendant who is "convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555. The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . .
>
> (I) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential of*

*physical injury to another . . .*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language above is known as the ACCA's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556. In <u>Johnson</u>, the Supreme Court concluded that the residual clause was unconstitutionally vague because it does not explain how to estimate the potential risk of physical injury posed by a crime or how much risk it takes for a crime to qualify as violent felony. <u>Johnson</u>, 135 S. Ct. at 2557-58.

In this case, Defendant has not been charged with the code section at issue in <u>Johnson</u>. Instead, Defendant has been charged with violating 18 U.S.C. § 924(c)(1)(A)(ii). Under 18 U.S.C. § 924(c)(1)(A)(ii), a person who uses or carries a firearm during the commission of a crime of violence is subject to a lengthier sentence. It provides:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person, who during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; . . .
>
> . . .

18 U.S.C. § 924(c)(1)(A). Thus, in order for the second count of the Indictment to

12

properly allege a crime, Count I of the Indictment must involve using, carrying, or possessing a firearm in connection with a "crime of violence." Similar to the definition of violent felony at issue in Johnson, *supra*, Section 924(c)(1)(A), which defines a "crime of violence," includes a force clause and a residual clause. Pursuant to Section 924(c)(1)(A), the term "crime of violence" means an offense that is a felony and:

> (3)(A) has an element the use, attempted use, or threatened use physical force against the person or property of another, *or*
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). Thus, in order to qualify for the enhancement under Section 924(c)(1)(A), the precedent crime in Count I must be a felony and must qualify as a crime of violence under Section 924(c)(3)(A)'s force clause or Section 924(c)(3)(B)'s residual clause. Although Defendant does not articulate his specific argument, Defendant appears to contend that Section 924(c)(3)(B)'s similar residual clause is also unconstitutionally vague for the same reasons as the residual clause in Johnson. In order for Johnson to be applicable, however, the Indictment would have to be charging a crime of violence pursuant to 924(c)(3)(B)'s residual clause.

The Government first responds that Johnson, *supra*, is inapplicable to the circumstances in this case because the residual clause of Section 924(c)(3)(B) is not at issue. Instead, the Indictment charges Count Two under the "force" clause of Section 924(c)(3)(A) and the Hobbs Act robbery alleged in Count One clearly satisfies the 924(c)(3)(A) force clause. Second, the Government argues Defendant's Motion is

premature because the Johnson case dealt with retrospective analysis of convictions on a cold record. Finally, the Government contends that even if the Indictment charged Defendant under the residual clause, dismissal is still not warranted because Section 924(c)'s residual clause is significantly different than the residual clause at issue in Johnson and is not unconstitutionally vague.

This Court finds that the holding in Johnson is inapplicable under the circumstances of this case. When examining whether the predicate offense for purposes of Section 924(c)(1)(A) qualifies as a crime of violence, courts use either the categorical or the modified categorical approach. Typically, such questions are analyzed categorically, meaning that the determination is made by reference to the elements of the offense and not the actual facts of the Defendant's conduct. United States v. McGuire, 706 F.3d 1333, 1336-37 (11th Cir. 2013); United States v. Lenzy, No. 2:14-CR-00025-RWS-JCF, 2016 WL 1019712, at *2 (N.D. Ga. Feb. 4, 2016) (explaining that when examining a statute to determine if it qualified as a "crime of violence" under Section 924(c), "the court must answer 'categorically' - that is, by reference to the elements of the offense, and not the actual facts of the defendant's conduct"). Courts are permitted to use a modified categorical approach when the predicate offense stems from a divisible statute. Deschamps v. United States, 133 S. Ct. 2276, 2281 (2013). A statute is divisible when it "sets out one or more elements of the offense in the alternative." Deschamps, 133 S. Ct. at 2281; United States v. Braun, 801 F.3d 1301, 1304 (11th Cir. 2015).

Here, Defendant is charged in Count I with Hobbs Act robbery in violation of 18

14

U.S.C. § 1951(a).  (Doc 1, at 1).  Title 18 U.S.C., section 1951(a) provides:

> Whoever in any way or degree obstructs, delays of affect commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).  The Hobbs Act defines robbery as:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).  The Hobbs Act qualifies as a divisible statute because it sets forth one or more elements of the offense in the alternative.  Lenzy, 2016 WL 1019712, at *2, citing United States v. Brenlow, No. 1:15-CR-34-SLB-SGC, 2015 WL 6452620, at *4 (N.D. Ala. Oct. 26, 2015).  Indeed, the Hobbs Act can be violated in numerous ways, including (1) robbery, (2) extortion, or (3) committing or threatening physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of 18 U.S.C. § 1951(a).  United States v. Collins, No. 1:14-CR-302-TWT-AJB, 2016 WL 1639960, at *30 (N.D. Ga. Feb. 9, 2016).  Thus, application of the modified categorical approach is appropriate.  Lenzy, 2016 WL 1019712, at *3.  When applying the modified categorical approach, the court may look to a limited set of documents, including the indictment, to determine which of the statutes alternative elements formed

15

the basis of the defendant's charge. Descamps, 133 S. Ct. at 2281; Braun, 801 F.3d at 1305.

Count One clearly charges a crime of violence under Section 924(c)(3)(A)'s force clause, and Section 924(c)(3)(B)'s residual clause is not implicated. As noted above, in order to be a crime of violence, the offense has to be a felony that either meets the force clause or residual clause of Section 924(c)(3). The predicate offense is a crime of violence under the force clause if it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Alternatively, an offense is a crime of violence under the residual clause if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Here, the Hobbs Act robbery charge in the Indictment includes as an element of the offense the use or threatened use of physical force against the person or property of another. (Doc. 1, at 1). Section 1951(a) incorporates the use or threatened use of violence because it incorporates (1) robbery, (2) extortion, or (3) committing or threatening physical violence part of the offense. The Hobbs Act defines both robbery and extortion as including the use of actual or threatened force. 18 U.S.C. § 1951(a), (b). Moreover, Defendant is charged with robbery in violation of 18 U.S.C. § 1951 "by means of actual and threatened force, violence and fear of injury to the person of the employee." (Doc. 1, at 1). Thus, clearly, the robbery with which Defendant is charged in Count One qualifies as a crime of violence. Accordingly, the force clause of Section

AO 72A
(Rev.8/82)

924(c)(3)(A) applies.  Collins, 2016 WL 1639960, at *30; Lenzy, 2016 WL 1019712, at *3; Brenlow, 2015 WL 6452620, at *4-5.  Therefore, the constitutional vagueness analysis at issue in Johnson is not at issue in this case and Defendant's Motion should be **DENIED**.  (Doc. 87).

## MOTION TO RETURN TO NORTH CAROLINA

On April 25, 2016, Defendant moved the Court for an Order on its writ of habeas corpus ad prosequendum.  Therein, Defendant requests that the Court, pursuant to its inherent authority, return Defendant to North Carolina to deal with a pending armed robbery charge out of that jurisdiction. Having read and considered Defendant's Motion, this Court concludes that Defendant has not presented a persuasive basis for transferring him to North Carolina.  Defendant's Motion for Return to North Carolina is **DENIED**. (Doc. 93).

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that:

(1) The Government's Motion for Hearing on Admissibility of Evidence at Trial Crimes, Wrongs, and Other Acts Under Federal Rule of Evidence 404(b) should be  **GRANTED**.  (Doc. 65);

(2) Defendant's Motion to Dismiss Indictment With Prejudice be **DENIED**. (Doc. 71);

(3) Defendant's Motion to Dismiss Count II be **DENIED**.  (Doc. 87); and

(4) Defendant's Motion to Return to North Carolina is **DENIED**.  (Doc. 93).

17

There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

      **SO ORDERED, REPORTED AND RECOMMENDED** this  21  day of June 2016.

*/s/ Linda T. Walker*
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE