IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDDIE SYLVESTER STEELE, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:14-CR-0147-RWS-LTW |
| | : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:19-CV-0544-RWS-LTW |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Eddie Sylvester Steele's *pro se* motion under 28 U.S.C. § 2255 (Doc. 188),[1] the government's response (Doc. 190), and Steele's reply (Doc. 193). For the reasons that follow, the undersigned **RECOMMENDS** that Steele's § 2255 motion be **DENIED**.

**I.   Procedural History**

A federal grand jury in the Northern District of Georgia returned a superseding indictment against Steele charging him with robbery of a cell phone store in East Point, Georgia, "aided and abetted by others unknown," in violation

---

[1] All citations to the record are to 1:14-CR-0147-RWS-LTW.

of 18 U.S.C. § 1951(a) and (2), and with brandishing a firearm during that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 119.) Steele pled not guilty (Doc. 123), and proceeded to a three-day jury trial represented by court-appointed counsel William Morrison (Docs. 179-81). The jury found Steele guilty on both counts. (Doc. 135.) The Court imposed a total sentence of 108 months of imprisonment. (Doc. 162.)

Steele, represented by new court-appointed counsel Victoria Brunner, appealed, arguing that: (1) the trial court constructively amended the indictment by instructing the jury on aiding and abetting; (2) the trial court abused its discretion by failing to *sua sponte* hold a competency hearing prior to trial; (3) Steele was denied a fair trial when the jury was repeatedly informed that he was incarcerated; (4) the trial court erred in applying a physical restraint sentencing enhancement; and (5) the trial court erred in denying Steele's motion for a new trial based on *Brady*[2] evidence. Br. of Appellant at 8-34 (Oct. 2, 2017), *United States v. Steele*, 733 F. App'x 472 (11th Cir. 2018) (No. 16-17719-EE). The United States Court of Appeals for the Eleventh Circuit rejected those claims and affirmed Steele's convictions and sentence. *Steele*, 733 F. App'x at 479.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Steele timely filed this §2255 motion, arguing that Morrison provided him ineffective assistance by failing to argue to the jury during closing that Steele used a fake gun and by failing to hire an expert witness to examine the gun and opine that it was fake. (Doc. 188 at 13-17.) The government responds that Steele fails to show either constitutionally deficient performance by counsel or prejudice. (Doc. 190 at 15-22.) Steele replies, reasserting the merits of his grounds for relief. (Doc. 193.)

## II.   Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of

3

the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

### III.   Analysis

Steele contends that Morrison's failure to understand that Steele could not be convicted of the firearm charge because he used a fake gun led to ineffective

4

assistance in that Morrison should have argued during closing that Steele used a fake gun and should have retained an expert witness to examine the gun and opine that it was fake. (Doc. 188 at 13-17; Doc. 193.)

A.     Counsel's Misstatement During Closing Argument

During closing argument, Morrison stated that it did not "matter whether the gun was a real gun or a fake gun. If you take a fake gun inside a store and you point it at somebody and you rob them, you're guilty of a robbery and a **§ 924(c)**." (Doc. 181 at 24 (emphasis added).) Morrison had focused on the duress defense based on Steele's testimony that gang members kidnapped him at gun point, forced him into a van, and then ordered him to commit the robbery (Doc. 180 at 174-76) and circumstantial evidence from the investigating officer who testified that right after the robbery the sales clerk victim said that two men had guns (*id.* at 90-91).

The sales clerk testified that the gun Steele pointed in her face looked real based on her experience with guns. (*Id.* at 33-34.) The only evidence that the gun was fake was Steele's own testimony, which conflicted as to how he obtained the gun. Initially, Steele testified that the gun he carried during the robbery "was from the flea market, so at the end of the day it was fake," but later stated that the gun was on the floor of the gang members' van when they kidnapped him. (*Id.* at 180, 185.) Accordingly, Morrison's focus on the duress defense, rather than arguing

5

that the gun was fake, was reasonable. *See Chandler*, 218 F.3d at 1319 ("Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."). "Even if in retrospect a strategy taken by counsel 'appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it.'" *Goff v. United States*, 693 F. App'x 854 (11th Cir. 2017) (per curiam) (citation omitted). Steele has not shown that Morrison's performance was "patently unreasonable."

Steele also fails to show prejudice, as he can only speculate that the jury would not have convicted him of the firearm offence but for Morrison's misstatement and failure to argue that the gun was fake. *See Johnson v. Alabama*, 256 F.3d 1156, 1177 (11th Cir. 2001) (That counsel's "error had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."). Additionally, the Court instructed the jury that, in order to find Steele guilty of the §924(c) offense, it must find that Steele "used a firearm" during and in relation to the robbery and that "[a] 'firearm' is any weapon designed to or readily convertible to expel a projectile by the action of an explosive." (Doc. 181 at 48-49.) The law presumes that the jury followed that instruction, *United States v. Almanzar*, 634 F.3d 1214, 1223 (11th Cir. 2011). Thus, Steele is not entitled to relief on this ground.

B.   Counsel's Failure to Call an Expert Witness

As to Steele's claim that Morrison should have retained an expert witness, "counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." *United States v. Hughes*, 635 F.2d 449, 453 (5th Cir. 1981). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [courts] will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995); *see United States v. Long*, 674 F.2d 848, 855 (11th Cir. 1982) ("This Court will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses."). Similarly, Morrison's decisions regarding investigation are likewise strategic, and "[h]ow a lawyer spends his inherently limited time and resources is also entitled to great deference by the court." *Chandler*, 218 F.3d at 1318, n.22. "Counsel is not required to present every nonfrivolous defense; nor is counsel required to present all mitigation evidence, even if the additional mitigation evidence would not have been incompatible with counsel's strategy." *Id.* at 1319.

Steele further fails to show prejudice based on counsel's failure to retain an expert witness to opine that the gun was fake, as there is nothing in the record to indicate that the gun was ever recovered and could be examined. Speculation that an expert could have reviewed the video and found that the gun was fake is not

7

sufficient to show prejudice. *See Johnson*, 256 F.3d at 1177. Therefore, Steele is also not entitled to relief on his second ground.

### III. Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because, based on the foregoing discussion of Steele's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Steele's § 2255 motion [188] and a COA be **DENIED** and that civil action number 1:19-CV-0544-RWS-LTW be **DISMISSED**.

**SO RECOMMENDED**, this  7  day of  May , 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE