IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDDIE SYLVESTER STEELE,<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>: | CRIMINAL ACTION NO.<br>1:14-CR-0147-RWS<br><br>CIVIL ACTION NO.<br>1:19-CV-0544-RWS |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the pending motion brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 194]. Movant has filed what he has styled as an "Amendment to Government Reply" but this Court will construe as his objections in response to the R&R. [Doc. 196].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need

not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

After a jury trial, Movant was convicted in this Court of armed robbery, in violation of 18 U.S.C. § 1951 (a) and (2), and with brandishing a firearm during that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), in connection with his armed robbery of a cell phone store in East Point, Georgia. This Court imposed a sentence of 108 months of incarceration. After unsuccessfully appealing, United States v. Steele, 733 F. App'x 472 (11th Cir. 2018), Movant filed the instant 28 U.S.C. § 2255 motion to vacate claiming that his trial counsel was ineffective for (1) failing to argue to the jury during closing that Movant used a fake gun, (2) stating during closing argument that it did not matter whether the gun was real or fake, and (2) failing to hire an expert witness to examine the gun and opine that it was fake.

In the R&R, the Magistrate Judge recommends that Movant's § 2255 motion be denied because he failed to establish that his trial counsel was deficient during closing argument in failing to argue that the gun was fake because the only evidence that the gun actually was fake was Movant's conflicting testimony to that effect. In contrast, the sales clerk at the cell phone store testified that the gun Movant pointed in her face looked real based on her experience with guns. [Doc. 180 at 33-34]. Trial counsel's choices regarding how to frame closing arguments are a quintessential part

of trial strategy and must be evaluated with a high degree of deference. Marquez v. United States, 2013 WL 12336140 at *18 (S.D. Fla. June 17, 2013). Trial counsel focused his closing argument on Movant's contention that he was coerced into robbing the store by gang members. Given the evidence presented at Movant's trial, it was clearly reasonable for counsel to choose to not argue that the gun was fake.

The Magistrate Judge next concluded that any confusion that trial counsel might have created with jurors by stating in closing argument that it did not matter whether the gun was real or fake would have been corrected by this Court's jury instruction that, in order to find Movant guilty of the brandishing offense, it must find that Movant "used a firearm" during and in relation to the robbery and that "[a] 'firearm' is any weapon designed to or readily convertible to expel a projectile by the action of an explosive." [Doc. 181 at 48-49]. The law presumes that the jury followed that instruction, United States v. Almanzar, 634 F.3d 1214, 1223 (11th Cir. 2011), and "a proper jury instruction can cure an inaccurate statement by an attorney during closing argument," Hand v. Sec'y, Dep't of Corr., 305 Fed. Appx. 547, 551 (11th Cir. 2008) (citing Johnson v. Alabama, 256 F.3d 1156 (11th Cir.2001)).

Finally, the Magistrate Judge concluded that trial counsel was not ineffective for failing to call a gun expert to testify that the gun was fake because the gun has not been recovered, and an expert cannot be hired to inspect a nonexistent gun.

AO 72A
(Rev.8/82)

In his objections, Movant generally reasserts his arguments that trial counsel was ineffective, and this Court concludes that those arguments are unavailing.

Having reviewed the record in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 194], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 188], is **DENIED**.

As he is not entitled to representation of counsel in connection with a § 2255 motion, Movant's motion for appointment of counsel, [Doc. 187], is likewise **DENIED**.

This Court further agrees with the Magistrate Judge that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Civil action number 1:19-CV-0544-RWS is **DISMISSED**.

**IT IS SO ORDERED**, this 4th day of June, 2018.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)